IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| ZACHARY RUSK, <br><br> Plaintiff, <br><br> vs. <br><br> MONTANA SUPREME COURT JUSTICES MIKE MCGRATH, et al., <br><br> Defendants. | CV 22–24–BU–DLC <br><br><br> ORDER |

On May 7, 2022, Plaintiff Zachary Rusk filed document entitled Ex-Parte Plaintiff's Motion to Dismiss. (Doc. 39.) This document states that "Zachary Rusk, Plaintiff, hereby moves to dismiss this case." (*Id.*) For the reasons stated below, the Court will construe this filing as a notice of dismissal under Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure and order this case closed.

Because Rusk is proceeding pro se, the Court finds it necessary to provide some thoughts on the effect of his recent filing. (Doc. 39.) Rule 41(a)(1)(A)(i) affords Mr. Rusk the "absolute right to voluntarily dismiss his action prior to service by the defendant[s] of an answer or motion for summary judgment." *Commercial Space Mgmt. Co. v. Boeing Co., Inc.*, 193 F.3d 1074, 1077 (9th Cir. 1999). In the Ninth Circuit the effect of such a notice is clear, "no court order is required, the parties are left as though no action had been brought, the defendant[s]

1

can't complain, and the district court lacks jurisdiction to do anything about it." *Id.* at 1077–78 (adding the "filing of a notice of voluntary dismissal with the court automatically terminates the action as to the defendants who are the subjects of the notice.").

Rusk brings this action against numerous defendants. All but one of them has filed or joined a motion to dismiss this action. (*See generally* Docs. 26; 28; 31; 33; 35; 38.) These motions seek dismissal for failure to state a claim and/or lack of subject matter jurisdiction. (*Id.*) Defendant Quinn Ellingson has not yet been served or otherwise appeared. In other words, no defendant to this action has yet filed an answer, *see* Federal Rules of Civil Procedure 7(a)(2), 8(b), 12(a)(1), or a summary judgment motion, *see* Federal Rule of Civil Procedure 56(a). As such, Rusk's absolute right to dismiss this action remains live. *Boeing*, 193 F.3d at 1077.

Although Rusk's filing is styled as a motion for an order from this Court dismissing the action, it unequivocally expresses his desire to dismiss the action as to all defendants. Construing this filing liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), the Court interprets it to constitute a notice of voluntary dismissal under Rule 41(a)(1)(A)(i). Because of this construction, the Court no longer has jurisdiction over the action, *Boeing*, 193 F.3d at 1076, and the case shall be closed.

Accordingly, IT IS ORDERED that because Rusk has dismissed this action, the Clerk of Court shall close the case file.

DATED this 10th day of May, 2022.

/s/ Dana L. Christensen
Dana L. Christensen, District Judge
United States District Court